**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nicholas Smith and Derik George, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Sun Country, Inc., The Board of Trustees of the Sun Country, Inc. 401(k) Profit Sharing Plan, John Does and Jane Does 1-50,<br><br>Defendants,<br><br>The Sun Country, Inc. 401(k) Profit Sharing Plan,<br><br>Nominal Defendant. | No. 24-cv-619-KMM-EMB<br><br>Hon. Kate M. Menendez<br>Magistrate Judge Elsa M. Bullard |

# ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This case came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 123, Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, ECF No. 104, and Plaintiffs' Motion for Service Awards, ECF No. 113. Based upon the Court's review of the motions and the memoranda, and having further considered the arguments of counsel at the Final Approval Hearing held on November 17, 2026, and the pleadings and record in the case, and finding good cause for granting the motions,

IT IS HEREBY ORDERED, as follows:

1. **Class Certification.** The Court reaffirms its findings as to the propriety of class certification, and the Class[1] as defined by the Court's Order dated August 11, 2026 (ECF No. 96) (the "Preliminary Approval Order") is finally certified for settlement purposes under Rule 23(a) and Rule 23(b)(1) with respect to Counts I through VI in the Complaint (the "Class Claims") as follows:

a. All current and former pilots of Sun Country, Inc. who are or were participants in the Sun Country, Inc. 401(k) Profit Sharing Plan and:

    1. who, after becoming a Sun Country, Inc. employee, completed a period of qualified military service between July 21, 2011, and December 31, 2025; and

    2. returned from that leave to be re-employed at Sun Country; and

    3. who did not receive a pension contribution to the Plan with respect to such period of military service that was either:

[1] Except as otherwise defined herein, capitalized terms have the meanings afforded them by the Settlement Agreement (ECF No. 89-1).

1. if the employee's rate was reasonably certain, at the rate the employee would have received but for the period of military service, or

2. if the employee's rate is not reasonably certain, at the rate determined on the basis of the employee's average rate of compensation during the 12-month period immediately preceding the qualified military leave (or, if shorter, the period of employment immediately preceding the period of qualified military service); and

b. all beneficiaries of the participants described in subsection (a) above.

Excluded Persons. The Settlement Class excludes: (i) any person who, prior to the Effective Date, has settled or otherwise obtained a final, non-appealable judgment of dismissal with prejudice on any claim that would otherwise fall within the scope of the Released Claims; and (ii) the Fiduciary Defendants, their beneficiaries, and their immediate family members, heirs, successors, and assigns.

2. **Appointment of Class Counsel.** Pursuant to Rule 23(g) and Rule 23(a)(4), the Court confirms its prior appointment of R. Joseph Barton and Thomas G. Jarrard as Co-Lead Class Counsel and Kent M. Williams as Local Class Counsel.

3. **Appointment of Class Representatives.** Pursuant to Rule 23(a)(4), the Court confirms its prior appointment of Nicholas Smith, Derik George and Taylor Lehr as the Class Representatives of the Settlement Class.

4. **Class Notice.** Where the Settlement Administrator has sent appropriate notice of the settlement to all the identified class members "with additional efforts made at providing notice to those class members whose initial

notices were deemed undeliverable or unopened," the notice is effective. *Carew v. Lifecore Biomedical, Inc.*, No. 24-cv-3028 (LMP/EMB), 2026 WL 2268568, at *7 (D. Minn. Aug. 6, 2026). The Notice of Class Action Settlement was sent to all Class Members by U.S. mail and for those Class Members with email addresses also by email. *See* ECF No. 101 ¶¶ 7-10. Such distribution complied with the Settlement Agreement and Preliminary Approval Order. The distribution of the Class Notice also (a) constituted the best practicable notice to members of the Class under the circumstances, (b) was reasonably calculated to apprise members of the Class of the pendency of this action, their right to object to any aspect of the proposed Settlement (including the fairness, reasonableness, or adequacy of the Class's representation by Class Counsel or their requested award of attorneys' fees and expenses or the Plan of Allocation), their right to appear at the Final Approval Hearing, and the binding effect of the orders and final judgment as to all claims against Defendants in this action, whether favorable or unfavorable, on all members of the Class, (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (d) fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)(2) and (e)), the United States Constitution, and any other applicable law).

5. **Class Action Fairness Act Notice.** Based on the Declaration of Lisa

Hawkins of Angeion Group, LLC re: Compliance with the Class Action Fairness Act ("CAFA") of 28 U.S.C. § 1715(b), ECF No. 1 2 1 , Defendants have caused to be served a notice of the proposed Settlement on appropriate state and federal officials in accordance with the requirements under the Class Action Fairness Act, 28 U.S.C § 1715(b), and have satisfied their obligations thereunder.

6. **Rule 23(e) Approval Factors.** The Eighth Circuit has recently held that Rule 23(e)(2) "unambiguously directs that courts consider its factors" on final approval. *Burnett v. National Association of Realtors,* 187 F.4th 1051, 1068 (8th Cir. 2026). As a result, the Eighth Circuit concluded that district courts are "not required" to consider the factors previously set forth in *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). The Court finds that each of the factors specified by Rule 23(e)(2) favors final approval as follows:

a. As to Rule 23(e)(2)(A), the Eighth Circuit has adopted the Third Circuit's "test for evaluating the adequacy of class counsel: whether they (1) possessed adequate experience; (2) vigorously prosecuted the action; and (3) acted at arm's length from the defendant." *Id.* (quoting *In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 429 (3d Cir. 2016)).

Rule 23(e)(2)(A) is satisfied because the Class Representatives and Class Counsel, who have substantial experience litigating similar class actions,

have vigorously prosecuted the action and adequately represented the Class as evidenced by the substantive terms of the settlement, acted at arms-length and there do not appear to be any conflicts by Class Counsel or the Class Representatives.

b. Rule 23(e)(2)(B) requires the settlement to be "negotiated at arm's length." Fed. R. Civ. P. Rule 23(e)(2)(B). A settlement is considered to have been reached at arms-length when it is the product of mediation with a neutral mediator. *Randall v. GreatBanc Trust Co.,* No. 22-cv-2354, 2026 WL 1068035, at *5. Rule 23(e)(2)(B) is satisfied because the Settlement Agreement appears to be the product of arms-length negotiations by counsel who are experienced in USERRA and ERISA class actions and who obtained the relevant documents and data necessary to evaluate the claims and because the settlement was reached after two settlement conferences with Magistrate Judge Bullard.

c. Rule 23(e)(2)(c) is satisfied because the amount of the Settlement – $1,550,000 – is fair, reasonable, and adequate. Based on the data provided by Defendants and calculations by Plaintiffs' expert, Class Counsel have represented that the cash amount being paid by Sun Country, even after deduction of any attorneys' fees and expenses, will fully compensate the Class for the unpaid contributions plus lost investment

returns on those unpaid contributions. Additionally, the Settlement also requires Sun Country – which has represented that as of October 1, 2025, it implemented a methodology for calculating such contributions that is intended to comply with USERRA, ERISA and the terms of the Plan – to make disclosures about its pension contributions for military leave. As to the specific factors identified in Fed. R. Civ. P. 23(e)(2)(C), the Court also finds that each of those factors are met as follows:

i. *Costs risks, and delay of litigation, trial, and appeal*. If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, delay and uncertainty of protracted litigation.

ii. *Effectiveness of Distributing Relief to the Class.* Distribution of the relief will be highly effective because each Class Member's allocation will be paid into their account in the Plan or will be paid directly to the Class Member by check or, where banking information is on file, by electronic funds transfer. Payment of the proceeds into the plan for Class Members with existing accounts – to the extent consistent with IRS rules – not only ensures that all class members will receive financial compensation but preserves the tax-advantaged character of the Class Members' recovery. Other class

members will receive payment by check without having to submit any claim form. This method ensures that nearly every class member will receive relief.

iii. *Attorneys' Fees.* Rule 23(e) assesses whether attorneys' fees impact the overall fairness of the Settlement. Fed. R. Civ. P. Rule 23(e)(2)(C)(iii). Where "the Class is receiving nearly everything that they could have received had Plaintiffs been successful at trial, there can be no suggestion that Class Counsel traded the Class's interests for their own." *Anderson v. City and Cnty. of San Francisco,* No. 4:20-cv-01149-DMR, 2025 WL 3785958, at *5 (N.D. Cal. Dec. 18, 2025). When the amount of fees will be determined by the court and the settlement is "not conditioned on any amount of fees and expense being paid to Class Counsel," that favors approval. *Id.* As the Settlement Agreement leaves the amount of attorneys' fees amount up to the Court, the attorney's fees provision is fair and reasonable.

iv. *Separate Agreements*. The Parties previously identified a Supplemental Agreement that allowed Defendants to terminate the Settlement only if the Court certifies the class under Rule 23(b)(3) and if enough class members opt out. Not only are such agreements common and appropriate, but that agreement is no longer operable as

the Court certified the Class under Rule 23(b)(1).

d. Rule 23(e)(2)(D) requires that all Class Members are treated equitably, but treating class members equitably does not necessarily mean treating them all equally. *In re Blue Cross Blue Shield Antitrust Litig.,* 85 F.4th 1070, 1093 (11th Cir. 2023). Rule 23(e)(2)(D) is satisfied because the Settlement itself does not differentiate between Class Members as to the amount to be received but merely provides that the Net Settlement Fund will be allocated and distributed to Class Members based on a court-approved plan of allocation. The Plan of Allocation proposes allocating settlement funds based on the extent of Class Members' losses. The only differentiation among Class Members in the Settlement Agreement is manner of distribution (i.e. whether the Class Member has a current account balance in the Plan), which is a legitimate consideration given the anticipated merger of the Plan.

7. While a district court needs only to consider the Rule 23(e) factors, it is not erroneous to consider the *Van Horn* factors. *Burnett,* 187 F.4th at 1068–69. The Eighth Circuit factors not subsumed in the Rule 23(e) factors are "defendant's financial condition" and "amount of opposition to the settlement."

a. When a defendant has sufficient assets to pay its liability, this factor is neutral. *Huyer v. Njema*, 847 F.3d 934, 939 (8th Cir. 2017). Here, this factor is not a consideration.

b. When there are "no objections to the settlement [that] strongly supports settlement approval." *Carew* 2026 WL 2268568, at *7. The only objection received was by William Kyle Wamser who claims that he was misidentified as a Class member and should not be included in the Class. ECF No. 100. As Class Counsel and Defendants have agreed that he is not a class member and Mr. Wamser has stipulated to withdraw his objection, the Court agrees that Mr. Wamser is not a class member. ECF No. 103. As there are no Class Members who have objected to the Settlement, this weighs in favor of approval.

8. After considering all of these factors, the Court finds that there are no grounds to doubt the fairness of the Settlement Agreement and that the settlement is fair, reasonable, and adequate to the Class pursuant to Fed. R. Civ. P. 23(e)(2), and hereby grants final approval to the settlement.

9. **Plan of Allocation.** A plan of allocation is fair, reasonable and adequate where it proposes that "class members will receive their proportional share of alleged losses arising from" plaintiffs' claims. *Carew*, 2026 WL 2268568, at *8. The Plan of Allocation proposes to allocate the settlement proceeds among

Class Members based on the contributions that should have been made as calculated by Plaintiffs' expert and any investment losses as calculated by Plaintiffs' expert compared to any contributions that were made. No Class Member has objected to the Plan of Allocation. The Court finds and finally approves this Plan of Allocation as fair, adequate and reasonable. On or after the Effective Date, the Settlement Administrator shall implement the Plan of Allocation and distribute the Net Settlement Fund to Class Members in accordance with Section VIII.4 of the Settlement Agreement.

10. **The Settlement Fund.** The Settlement Fund meets the requirements of a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1. The Settlement Fund will be deemed and considered to be *in custodia legis* of the Court and will remain subject to the jurisdiction of the Court until such time as such funds will be distributed pursuant to the Settlement Agreement and/or the order of the Court.

11. **Award of Attorneys' Fees.** "In an action certified as a class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established.'" *Stotesbery v. MUY Pizza-Tejas, LLC,* No. 0:22-cv-01622-KMM-TNL, 2025 WL 752507, at *1 (D.

Minn. Feb. 26, 2025). An award of "one-third 'in line with other awards in the Eighth Circuit'" where class counsel "obtained significant monetary relief on behalf of the class," and other non-monetary relief. *Burnett,* 187 F.4th at 1074. No Class Member has objected to the request for attorneys' fees. Based on Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and considering the lodestar cross-check, the Court awards one-third of the Settlement Fund to Class Counsel in attorneys' fees.

12. **Reimbursement of Litigation Expenses.** It is "well-established that '[r]easonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement.'" *Kruger v. Lely North America, Inc.,* 2023 WL 5665215, at *6 (D. Minn. 2023). Class Counsel requests reimbursement for expenses totaling $69,220.05 and authorization for up to an additional $12,000 in expert expenses to update the damage calculations and finalize the allocations to the Class. Here, Class Counsel's most significant expense was related to expert expenses in order to calculate the pension contributions and investment losses. No Class Member has objected to the request for expenses. Based on Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, Class Counsel's out-of-pocket litigation expenses were reasonably incurred and necessary for the prosecution of this case and are properly recoverable. From the

Settlement Fund, the Court hereby approves reimbursement of $69,220.05 in litigation expense and authorizes up to an additional $12,000 in expert expenses to update the damage calculations and finalize the allocations to the Class.

13. **Class Representative Service Awards.** Courts in the Eighth Circuit "routinely recognize and approve incentive awards for class representatives[.]" *Kruger,* 2023 WL 5665215, at *6. Class Representative Nicholas Smith requests a service award of $15,000 and Class Representatives Derik George and Taylor Lehr request a service award of $10,000 each. No Class Member has objected to the service awards. As the Class Representatives devoted significant time and effort to this litigation, were actively involved in this case and fulfilled their responsibilities as Class Representatives, the Court hereby awards $15,000 to Class Representative Nicholas Smith and $10,000 each to Class Representatives Derik George and Taylor Lehr.

14. **Severability of Fee, Expense, Service Award, and Plan of Allocation Rulings.** Consistent with Sections IX.3, XI.4, and XV.3 of the Settlement Agreement, the Court's rulings on attorneys' fees, litigation expenses, Service Awards, and the Plan of Allocation are not conditions of the Settlement, and no modification or reversal of any of those rulings on appeal shall constitute a material modification of the Settlement Agreement or prevent the Court's final approval of the Settlement from becoming Non-Appealable.

15. **Release by Plaintiffs and Class.** Upon the Effective Date, Plaintiffs and each Settlement Class Member, on behalf of themselves and their respective heirs, beneficiaries, executors, administrators, successors, assigns, and agents, and derivatively on behalf of the Plan, are hereby adjudged to have fully, finally, and forever released and discharged each of the Released Defendant-Parties from any and all Released Claims, as provided in Section XIII of the Settlement Agreement.

16. **Release by Defendants.** Upon the Effective Date, Defendants are hereby adjudged to have fully, finally, and forever released Plaintiffs (and their beneficiaries) and Class Counsel (and any of their law firms, partners, attorneys, and employees) for instituting this litigation, including any claims for fees, expenses, or costs, as provided in Section XIII.5 of the Settlement Agreement.

17. **Bar and Permanent Injunction**. This Order shall bar and permanently enjoin the Parties and the Class from prosecuting any and all claims released under Section XIII of the Settlement Agreement against any of the Released Defendant-Parties or Released Plaintiff-Parties, as applicable.

18. **Binding Effect.** The Parties and all Settlement Class Members, and their respective heirs, beneficiaries, executors, administrators, successors, and assigns, bound by this Order and by the releases set forth in Section XIII of the Settlement Agreement.

19. **No Admission.** Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with the Settlement, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any allegations in this Action, or of any liability, fault, or wrongdoing of any kind.

20. **Dismissal.** The Court hereby dismisses this Action with prejudice, with each Party to bear its own costs and expenses except as otherwise expressly provided in the Settlement Agreement or this Order. Nothing in this Order or in the Final Judgment entered in connection with this Order shall preclude any action to enforce the Settlement Agreement or any other claims not released by the Settlement Agreement.

21. **Termination.** If the Settlement is terminated pursuant to Section XVI of the Settlement Agreement prior to the time that this Order becomes Non-Appealable or this Order otherwise does not become Non-Appealable and the Parties have not, within thirty days of such occurrence, either entered into a written modification of the Settlement Agreement or agreed to extend the time to reach such agreement, then, as provided in Section XVI.3 of the Settlement Agreement, this Order (including the certification of the Settlement Class) shall be vacated and of no further force or effect, the Settlement Agreement shall be void ab initio, and the Parties shall revert to their respective positions in this

Action as of June 10, 2026, including Defendants' right to oppose class certification.

22. **Entry of Judgment.** There is no just reason for delay, and the Clerk of Court is directed to enter Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and to close this case.

23. **Continuing Jurisdiction.** The Court has jurisdiction over the subject matter of this Action and over the Parties, including all Settlement Class Members, and has jurisdiction to enter this Order and the accompanying Final Judgment. Without affecting the finality of this Order and Final Judgment in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) implementation of this Settlement Agreement; (b) disposition of the Settlement Fund and distributions from the Settlement Fund; (c) interpretation, enforcement, and administration of this Settlement Agreement, including the release provisions thereof; and (d) any disputes among Class Counsel about the allocation of attorneys' fees and expenses.

**Let judgment be entered accordingly**

Dated: November 19, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge